KURTZ BROS., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100187.   Promulgated August 16, 1940.

562

*Pressly R. Baldridge, Esq.*, for the petitioner.
*William A. Schmitt, Esq.*, for the respondent.

OPINION.

BLACK: Petitioner contends that the alleged interest which it collected from various political subdivisions of the State of Pennsylvania is exempt from taxation under section 22 (b) (4) of the Internal Revenue Code, Title 26, which is printed in the margin.[1]

---

[1] (4) TAX-FREE INTEREST.—Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; or (B) obligation of a corporation organized under Act of Congress, if such corporation is an instrumentality of the United States; or (C) the obligations of the United States or its possessions, * * * In the case of obligations of the United States issued after September 1, 1917 (other than postal savings certificates of deposit) and in the case of obligations of a corporation organized under Act of Congress, the interest shall be exempt only if and to the extent provided in the respective Acts authorizing the issue thereof as amended and supplemented, and shall be excluded from gross income only if and to the extent it is wholly exempt from the taxes imposed by this title.

Petitioner contends that the provision of the statute in question that "Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof" shall be exempt from taxation, is broad enough to include interest which a taxpayer receives on open account from a political subdivision of a state. Petitioner contends that the words "the obligations" mean not only bonds, debentures, and the like, but also open accounts, and cites in support of such contention, among other cases, *Commissioner* v. *Meyer*, 104 Fed. (2d) 155, and *Kings County Development Co.* v. *Commissioner*, 93 Fed. (2d) 33.

In *Commissioner* v. *Meyer*, *supra*, the court affirmed the decision of the Board, and held that interest on notes issued by a municipality in connection with the purchase of land by it was exempt from tax under section 22 (b) (4) of the 1934 Act, overruling the Commissioner's contention that the notes were not the kind of obligations covered by the statute because they were not executed in the exercise of the borrowing power of the municipality, like authorized bonds which are issued and sold for the purpose of borrowing money.

In *Kings County Development Co.* v. *Commissioner*, *supra*, the court reversed the Board and held that interest received in 1930 from the Tulare Lake Basin Water Storage District on deferred payments in purchase of real estate, not represented by bonds or other securities of the district, was exempt from income tax under section 22 (b) (4) of the Revenue Act of 1928. The court held that Congress did not intend to limit the exemption as to interest on obligations of a state or political subdivision thereof only to interest on such obligations as are evidenced by some particular form of obligation, but that the exemption applies equally to an obligation evidenced by an ordinary written agreement of purchase and sale, in which the political subdivision agreed to pay interest. Neither of the above cited cases goes so far as to hold that interest paid by a political subdivision on an open account would be exempt from income tax because it was interest paid on an obligation of the state or political subdivision thereof. The court in *Commissioner* v. *Meyer*, *supra*, in discussing the meaning of the word "obligations", as used in the statute, said:

It is manifest that the word "obligations" in the statute was not intended to extend to every obligation which included the payment of interest but only to those obligations which were created in the exercise of the borrowing power. See *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84, 55 S. Ct. 50, 79 L. Ed. 211. But where credit is obtained in consideration for a promise to pay money in the future, together with interest on that money, there is no valid ground for making a distinction between interest paid on bonds duly issued and interest paid on notes duly delivered.

Again, the court said in the concluding paragraph of its opinion, speaking of the obligation of the village of Suffern to pay interest on its notes executed and delivered to Meyer:

\* \* \* Its obligations were "issued" within the above regulations when its notes were delivered to the respondent to obtain credit on obligations incurred under its borrowing power. Such circumstances bring the interest paid on the notes within the scope of the above statute and make it exempt from taxation. *Kings County Dev. Co.* v. *Commissioner*, 9 Cir., 93 F. 2d 33; *Norfolk Nat. Bank* v. *Commissioner*, 4 Cir., 66 F. 2d 48.

In the instant case there were no promissory notes executed by the political subdivisions of Pennsylvania upon which they agreed to pay interest to the creditor, as there was in the *Meyer* case, nor was there any written agreement to pay interest on the deferred payments, as there was in the *Kings County Development Co.* case, *supra.*

In the instant case we simply have a situation where certain townships and school districts of the State of Pennsylvania purchased certain goods and merchandise from petitioner on open account. These accounts were apparently not paid when due, whereupon petitioner sent invoices for interest to these several townships and school districts. The invoices for interest were paid to the extent of $1,196.57.

Under such circumstances, we do not think it can be said that the interest was paid upon "the obligations of a State, Territory, or any political subdivision thereof" within the meaning of the statute. There is no evidence that any of these townships or school districts had executed in the exercise of their borrowing power any written agreement with petitioner that they would pay interest on their past due accounts. Some of them were invoiced with interest at 4 percent per annum and some were invoiced with interest at 6 percent per annum. This difference in interest rate is not explained. There is no evidence that this was done pursuant to any written agreement between petitioner and the respective debtors but was done according to the decision of petitioner. The word "obligations" as used in the statute, we think, means some kind of a written instrument executed by the state or a political subdivision thereof, in the exercise of its borrowing power. The statute was intended to exempt from taxation interest paid upon such an obligation.

For the reason that the evidence does not show that the alleged interest involved in this case was paid pursuant to obligations executed and delivered by the respective political subdivisions in the exercise of their borrowing power, we hold that the amount in question is not exempt from taxation.

*Decision will be entered for respondent.*